IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT SCULL,<br><br>    Plaintiff,<br><br>    v.<br><br>THE WACKENHUT CORPORATION,<br><br>    Defendant. | Civil No. 10-4633<br>(RMB/AMD)<br><br><br><br>**MEMORANDUM ORDER** |

**BUMB**, UNITED STATES DISTRICT JUDGE:

On May 23, 2013, this Court issued a decision regarding the the parties' motions in limine, and noted that it would provide the reasons for its ruling on the first day of trial (Dkt. No. 80). Plaintiff's Motions in Limine (1) To Prevent The Defendant From Arguing Offset Of Damages By Unemployment Compensation (Dkt. No. 57), (2) To Prevent Admission Of The Complaint (Dkt. No. 58), and (3) requesting The Court To Take Judicial Notice Of 10 C.F.R. § 73.50[1] (Dkt. No. 59) were **GRANTED** as unopposed. Defendant's Motion in Limine To Preclude Plaintiff From Offering Certain Deposition Testimony By Steven White (Dkt. No. 61) was initially **DENIED** without prejudice but was modified to **GRANT** in part and **DENY** in part for the reasons explained by the Court on

---

[1] 10 C.F.R. § 73.50 provides in pertinent part that certain nuclear facilities shall have "[a]t least one supervisor of the security organization . . . on site at all times."

the record at the commencement of this trial. Plaintiff's Motion in Limine To Bar Introduction Of The O'Connor Report (Dkt. No. 60) was **DENIED** for the reasons addressed below.

**DISCUSSION**

Plaintiff makes three arguments for exclusion of the report purportedly authored by Brian O'Connor (the "O'Connor Report" or "Report"): (1) the Report can be authenticated properly only through the testimony of Mr. O'Connor; (2) the Report constitutes inadmissible hearsay; and (3) the prejudicial effect of the Report outweighs its probative value. The Court disagrees with all three contentions.

**1.   The Report May Be Authenticated By Charles Workman.**

In his motion in limine, Plaintiff argues that the O'Connor Report cannot be admitted through the testimony of Charles Workman but instead must be authenticated only through the testimony of Mr. O'Connor. Plaintiff is incorrect.

Under Federal Rule of Evidence 901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." "The Third Circuit has 'repeatedly noted that the burden of proof for authentication is slight.'" Lowe v. Medco Health Solutions, 2012 WL 1495440, at *2 n.5 (D.N.J. Apr. 27, 2012)

2

(quoting Lexington Ins. Co. v. W. Pa. Hosp., 423 F.3d 318, 328 (3d Cir. 2005)). Indeed, "[t]he showing of authenticity is not on a par with more technical evidentiary rules . . . . The only requirement is that there has been substantial evidence from which [the jury] could infer that the document was authentic." Link v. Mercedes-Benz of N. Am., 788 F.2d 918, 927-28 (3d Cir. 1986.

Neither Federal Rule of Evidence 901 nor applicable caselaw imposes a requirement that a document be authenticated only by its author. Rather, courts frequently find sufficient evidence of authenticity where circumstantial evidence demonstrates that the document is what it purports to be. See Link, 788 F.2d at 927-28 ("We recently noted, in McQueeney v. Wilmington Trust Co., 779 F.2d 916 (3d Cir.1985), that 'circumstantial evidence may, in principle, suffice to authenticate a document.'"); U.S. v. McGlory, 968 F.2d 309, 329-31 (3d Cir. 1992); see also Fed. R. Evid. 901(b)(4).

Mr. Workman testified during his deposition that Mr. O'Connor conducted an investigation and created a report setting forth his findings at the request of Mr. Workman (Ex. B, Dkt. No. 73-1, at 64-66). A copy of the O'Connor Report was shown to Mr. Workman during his deposition, and he identified it as the investigative report that he relied upon, in part, in making the

3

decision to terminate Mr. Scull (see, e.g., Ex. A, Dkt. No. 73-1, at 67-68, 85). He further testified that he received the report via e-mail from Mr. O'Connor (id. at 84-85).[2] Mr. Workman also prepared an Employee Termination Review form, which provides that his decision to terminate Plaintiff's employment was based upon a "single event as well as systemic issues identified during investigation" (Ex. B, Dkt. No. 73-1, at D-0001).

Moreover, the appearance of the Report contains additional indicia of authenticity. Fed. R. Evid. 901(b)(4) (authenticity may be satisfied by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances"); McGlory, 968 F.2d at 329-31; McQueeney, 779 F.2d at 929-30. The cover page of the document identifies it as a "Report of Investigation" conducted by Brian O'Connor, and each page bears the G4S or Wackenhut insignia (Ex. A, Dkt. No. 60). See McQueeney, 779 F.2d at 929-30; Sunkett v. Nat'l Gypsum Co., 2011 WL 6719776, at *14-15 (D.N.J. Dec. 21, 2011).

Finally, Wackenhut produced the O'Connor Report pursuant to Plaintiff's discovery requests (Def.'s Br., Dkt. No. 73, at 14),

---

[2] Although Plaintiff relies on the fact that Defendant failed to produce this e-mail as corroborating evidence that Mr. Workman received the Report, this fact alone is insufficient reason to bar the evidence, especially where, as here, other evidence of authenticity exists.

4

which is certainly "probative on the issue of authentication." See Lowe, 2012 U.S. Dist. LEXIS 59137, at *7-8 n.5 (considering author's deposition testimony and fact that challenged document was produced by defendant in discovery was "probative on the issue of authentication"); see also Lexington, 423 F.3d at 329 (same); McQueeney, 779 F.2d at 929-30.

Accordingly, this Court finds that there is "substantial evidence from which [the jury] could infer" that the O'Connor Report is what it purports to be.

### 2. The Report is Non-Hearsay.

Plaintiff next argues that the O'Connor Report is inadmissible hearsay, and contains hearsay within hearsay in the form of the third-party statements provided to Mr. O'Connor by other employees of Defendant.

Federal Rule of Evidence 801(c) defines hearsay as an out-of-court statement offered in evidence "to prove the truth of the matter asserted in the statement." Because the O'Connor Report is not being offered to prove the truth of the matters asserted therein, but rather as evidence of Mr. Workman's state of mind at the time that he made the decision to terminate Plaintiff's employment, the Report is not hearsay.

In the employment discrimination context, documents, such as an investigative report, on which an employer relies in

5

making a termination decision are regularly admitted to show the state of mind of the person making the employment decision, a critical factor in such cases. See, e.g., Lowe, 2012 WL 1495440, at *2 n.4; Jones v. Univ. of Pa., Civ. No. 00-2695, 2003 WL 21652083, *4 n.3 (E.D.Pa. Mar.20, 2003) ("[S]o long as complaints received by an employer are offered to show the state of mind of the employer (a crucial factor in discrimination cases), and not offered to prove the truth of the matter asserted, such complaints do not constitute hearsay.") (citing Hardie v. Cotter & Co., 849 F.2d 1097, 1101 (8th Cir.1988)); Sunkett, 2011 WL 6719776, at *16. Mr. Workman testified during his deposition that he relied upon this report, in part, in making his termination decision, and, therefore, the report is admissible as evidence of his state of mind.

    The statements contained within the Report, which were made by employees whom Mr. O'Connor interviewed in the course of his investigation, are similarly admissible as non-hearsay. These third-party statements demonstrate that complaints about Plaintiff's conduct "were made, that Defendant investigated them, and that Defendant decided to terminate Plaintiff as a result. What matters is that Defendant believed the accusations were true and acted upon them. Thus, those statements are not

hearsay." Byrd v. Lynch, 2011 WL 2680572, at *6 (D.N.J. Jul. 8, 2011).[3]

### 3. The Potential Prejudice to Plaintiff Does Not Outweigh the Probative Value Under Rule 403.

Third, Plaintiff argues that even if the O'Connor report is not offered for the truth of the matter asserted therein, the O'Connor report should still be barred as it contains "extremely damaging" information that would be unduly prejudicial to Plaintiff (Pl.'s Br., Dkt. No. 60, at 5).

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Unfair prejudice "means undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Fed. R. Evid. 403 advisory committee's note.  This means something more than "damage to the opponent's cause," 1 McCormick on Evidence § 185 (7th ed. West 2013), and the rule is designed to protect a party against "prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the

---

[3] Plaintiff also argues that "due process should require the O'Connor report to be supported only by a live witness with personal knowledge of the report," i.e. Mr. O'Connor (Dkt. No. 60, at 5). However, as Plaintiff acknowledges, the Confrontation Clause is inapplicable in civil cases such as this one and

facts, which inhibit[s] neutral application of principles of law to the facts as found.'"  Goodman v. Penn. Turnpike Comm'n, 293 F.3d 655, 669-70 (3d Cir. 2002) (quoting Wagenmann v. Adams, 829 F.2d 196, 217 (1st Cir.1987)); see also Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002) ("[T]here is a strong presumption that relevant evidence should be admitted, and thus for exclusion under Rule 403 to be justified, the probative value of evidence must be 'substantially outweighed' by the problems in admitting it.  As a result, evidence that is highly probative is exceptionally difficult to exclude." (citations omitted)).

Against this backdrop, it is clear that the O'Connor Report does not meet the Rule 403 grounds for exclusion.  This case turns on Defendant's reasons for terminating Plaintiff's employment, which Defendant contends was the result of the conclusions drawn from Mr. O'Connor's investigation, and this Report is highly probative of those reasons.  See, e.g., Lowe, 2012 WL 1495440, at *2 n.4 (state of mind is a critical factor); see also Garner v. Mo. Dep't of Mental Health, 439 F.3d 958, 960 (8th Cir. 2006) (district court did not abuse its discretion in determining that evidence of employer's state of mind at time of termination did not constitute unfair prejudice within Rule

---

the Court should decline to extend those principles here.  See, e.g., In re

403). That the report contains "damaging" information in the form of third-party complaints and descriptions of Plaintiff's conduct, without more, does not rise to the level of unfair prejudice required under Rule 403. See 1 McCormick on Evidence § 185.

**4.     A Limiting Instruction is Appropriate.**

Because the O'Connor Report is being offered for the limited purposes described above—i.e., as evidence of Mr. Workman's state of mind and that complaints about Plaintiff's conduct were made and investigated—a limiting instruction is appropriate. Plaintiff has requested that the jury be instructed four times that it cannot consider the Report for the truth of the matters asserted therein. Defendant argues that any such limiting instruction would be unduly prejudicial to its case because proving the employer's state of mind is key to its case. Defendant also expresses concern that any limiting instruction could be viewed by the jury as an indication that Defendant's reliance on the Report was unreasonable.

Notably, neither party has cited any cases that specifically address the propriety of providing a limiting instruction with respect to this type of evidence. To provide this instruction on four separate occasions in the course of

---

Flat Glass Antitrust Litig., 385 F.3d 350, 373 n.31 (3d Cir. 2004).

trial—as Plaintiff suggests—does not seem necessary to address the parties' concerns, and could improperly signal the jury concerning the weight it should afford to the Report. However, as the Report would ordinarily be deemed hearsay if offered to prove the truth of the matters asserted therein, it seems appropriate to provide a limiting instruction to the jury at the time that the O'Connor Report is addressed.

For these reasons,

**IT IS** on this, the **18th** day of **June 2013**, hereby

**ORDERED** that the O'Connor Report will be admissible for the limited purposes stated above and subject to a limiting instruction to the jury.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE
